McDONALD COAL CO. v. LEWELLYN, Internal Revenue Collector.

(Circuit Court of Appeals, Third Circuit. December 7, 1926.)

No. 3467.

1. **Appeal and error ⬤⟶1008(2)—Findings of District Judge in law action, jury trial being waived, have effect of verdict.**

Findings of District Judge in action at law, where jury trial is waived, have effect of verdict on writ of error to Circuit Court of Appeals.

2. **Internal revenue ⬤⟶38(1)—Contention of corporation that business was done by individuals held without merit, where individual income taxes were reduced on contrary theory.**

Where individual income taxes were reduced on ground that business was that of corporation, contention of corporation, seeking to recover corporate income and excess profits paid, that business was done by individuals, held without merit.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action by the McDonald Coal Company against C. G. Lewellyn, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for defendant (9 F.[2d] 992, 994), and plaintiff brings error. Affirmed.

William G. Heiner, of Pittsburgh, Pa., for plaintiff in error.

John R. Wheeler, of Washington, D. C., John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and A. W. Gregg, of Washington, D. C., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. In the court below this and another similar case against a succeeding collector were both actions at law brought by the same taxpayer and involved the same facts and the same question. Jury trial was waived, both cases heard together, and this one was appealed, with the agreement of record that the decision in this appeal should cover both.

[1, 2] The basic fact before the court was whether the McDonald Coal Company operated the coal business upon which the taxes involved were levied. On this question the court decided: "We have found as a matter of fact that the plaintiff corporation operated the coal business involved in the tax returns submitted by it." It is now sought to revise such finding on the ground that such business was done by certain individuals. Apart from the fact that the findings of the judge below, a jury trial having been waived, come before us with the effect of a verdict, we find the claim here made is wholly without merit. These individuals not only claimed and were allowed reduction of their individual taxes on the ground the business was not done by themselves as individuals, but by the plaintiff company; but, if their present contention is right, then the large salaries paid to them by the company without any service rendered to it, were a palpable wrongful effort to reduce the taxes of the company by an unjust claim of overhead expenses.

The claims are wholly devoid of merit, and the judgment entered for the government in each case is affirmed.